FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 03, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON SHIRTS,<br><br>                    Plaintiff,<br><br>          v.<br><br>DR. BENNJAMIN RODRIGUEZ, DR. NEAL RANDALMAN and P.A.C. JOHNATHEN NEAU,<br><br>                    Defendants. | NO:  4:15-CV-05066-SMJ<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT |

BEFORE THE COURT is Plaintiff's Second Amended Complaint, ECF No. 13.  Plaintiff, a prisoner at the Washington State Penitentiary, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.  Plaintiff seeks monetary damages in excess of three million dollars and injunctive relief (i.e., a biopsy), for the alleged failure to provide medical treatment.

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, "[a]ll causes of action alleged in an original complaint

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 1

which are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) citing to *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir. 1981)*,* overruled in part by *Lacey,* 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not re-pled). After reviewing the Second Amended Complaint in the light most favorable to Plaintiff, and for the reasons set forth below, the Court finds that it fails to state a claim upon which relief may be granted.

Plaintiff broadly asserts violations of his rights under the First, Fourth, Sixth, Eighth and Fourteenth Amendments and offers the following conclusory assertion: "Decency nobody should be left to suffer, and mental and physical anguish and basicly [sic] left to die and still being abused and neglected do [sic] to the cost I'm being denied treatment, and left in pain with no medes [sic] for pain assaulted because the smell of my gas sores all over my body with no treatment." In the absence of any factual allegations supporting these assertions, Plaintiff has failed to state a claim upon which relief may be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint must plead "enough facts to state a claim to relief that is plausible on its face.").

Plaintiff states that he was transferred to the Coyote Ridge Corrections Center in August 2014. He states that he had a pre-existing diagnosis of Irritable Bowel Syndrome, ECF No. 13 at 7, and was seen by Defendants Dr. Neal

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 2

Randalman and P.A.C.  Johnathan Neau when he "went to medical."   He makes

no further allegations against Defendant Neau.

Plaintiff states that on August 15, 2014, Defendant Dr. Randalman informed

him that he would be tested for celiac sprue.  Plaintiff complains that Defendant

Randalman expressed doubts that Plaintiff had celiac sprue.  Nevertheless, the test

was conducted on approximately August 25, 2015,[1] and it came back "positive."

Plaintiff indicates that he was subsequently placed on a gluten-free diet, although

he does not state when.

Plaintiff asserts that the named Defendants "ignored the possible

complication [of] celac/sprue [sic]."  He fails, however, to support this blanket

assertion with any facts.  He contends that "sprue" is a life threatening disease and

that a "biopsy" is "standard treatment" for celiac sprue.  A biopsy, however, is a

diagnostic tool used to confirm the existence of celiac sprue. *See The Merck*

*Manual,* § 2 at 145 (18th ed. 2006).  The treatment is a gluten-free diet. *Id.*

Plaintiff complains that on December 17, 2014, Defendant Dr. Randalman

withdrew a second request for a biopsy.   He also complains that a gluten-free diet

provided no relief for his stomach cramps, diarrhea, bad gas and night sweats.  He

states that he is in a small percentage of the population whose symptoms are not

alleviated by a gluten-free diet.

---

[1] This appears to be a typographical error as the initial complaint was received prior to August 25, 2015.

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 3

1  Plaintiff asserts that on July 15, 2015, which was approximately a week after

2  he submitted his initial complaint in this action, Defendant Dr. Rodriguez removed

3  him from the gluten-free diet as his condition had continued to worsen. He claims

4  that six weeks after he was taken off the gluten-free diet, "the antibodies" were

5  elevated as anticipated.  Plaintiff then complains that he received another "denial

6  from the Health Board Committee" on November 4, 2015.   He contends that his

7  health has worsened over two years and his condition remains undiagnosed.

8  It has long been understood that medicine is not an exact science.  *See*

9  *Owens v. White*, 380 F.2d 310, 316 (9th Cir. 1967).  Differences in judgment

10  between an inmate and prison medical personnel regarding appropriate medical

11  diagnosis and treatment are not enough to establish a deliberate indifference claim.

12  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

13  Here, Plaintiff admits that he received the treatment for celiac sprue, a

14  gluten-free diet, even in the absence of a confirming diagnostic test (i.e., a biopsy).

15  The fact that this dietary treatment was attempted and proved ineffectual is

16  insufficient to show an Eighth Amendment violation.

17  Plaintiff claims that he sought "pain management" several times.  He does

18  not state when this occurred or any facts from which the Court could infer that

19  identified Defendants were deliberately indifferent to his suffering.  According to

20  Plaintiff's exhibits, when he sought "pain management" in November 2014, and

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 4

January 2015, he was instructed to sign up for sick call so that his pain could be assessed. ECF No. 13 at 11-12. When he complained of sores in April 2015, he was told that he would be seen if he was not already on the schedule within seven days. ECF No. 13 at 13. When he sought pain relief for chronic pain in May 2015, he was instructed to watch the "call out" for his scheduled appointment. ECF No. 13 at 14.

Ordinarily, exhibits should not be submitted with a complaint. Rather, the relevant information contained in an exhibit should be paraphrased in the complaint. A plaintiff should keep his exhibits to use to support or oppose a motion for summary judgment or a motion to dismiss, or for use at trial. Nevertheless, the Court has reviewed the exhibits and cannot infer from their content that named Defendants were deliberately indifferent to Plaintiff's serious medical needs. In the absence of factual allegations to the contrary, these documents suggest that Plaintiff was evaluated and treated regarding his pain issues.

Plaintiff also attaches a Care Review Committee Report indicating that a Neal J. Rendleman presented Plaintiff's request for small bowel biopsies to "monitor progress," on December 17, 2014, but that the biopsy was determined not to be medically necessary. ECF No. 13 at 15. Plaintiff has presented no facts

showing that this was inconsistent with the recommendations of any of his treating physicians.

In addition, Plaintiff has submitted documentation which appears to be copies of pleadings submitted in another action before the Franklin County Superior Court. ECF No. 13 at 16-26.   These documents to do not support a claim that Defendants Randalman, Rodriguez or Neau knew of and disregarded an excessive risk to Plaintiff's health in violation of the Eighth Amendment.

Although granted several opportunities to do so, Plaintiff has failed to present a claim against identified Defendants upon which relief may be granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Second Amended Complaint, **ECF No. 13**, is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

2. Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three**

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 6

1  **dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his**

2  **ability to file future claims.**

3      **IT IS SO ORDERED**.  The District Court Executive is directed to enter this

4  Order, enter judgment, forward copies to Plaintiff at his last known address, and

5  close the file.  The District Court Executive is further directed to forward a copy of

6  this Order to the Office of the Attorney General of Washington, Criminal Justice

7  Division.   The Court certifies any appeal of this dismissal would not be taken in

8  good faith.

9      **DATED** this 3rd day of February 2016.

10

11  _____

12  SALVADOR MENDOZA, JR.
    United States District Judge

13

14

15

16

17

18

19

20

ORDER DISMISSING SECOND AMENDED COMPLAINT -- 7